PER CURIAM.
 
 *
 

 l,The motion for new trial is based on the supposition that injustice has been done to the defendant, and, unless such injustice is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded. La.Code Crim. Proc. art. 851. The decision on a motion for a new trial rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion.
 
 State v. Humphrey,
 
 445 So.2d 1155, 1160 (La.1984).
 

 In this aggravated rape case, the trial judge stated that he granted the motion for new trial because he believed that his decision to allow the five-year-old victim to testify via closed-circuit television under Louisiana Revised Statutes 15:288 violated the defendant’s right to confront the witness. The Confrontation Clause does not guarantee criminal defendants an absolute right to meet their accusers face-to-face, and the state’s interest in protecting child witnesses from the trauma of testifying in a child abuse case justifies a procedure such as use of closed-circuit television when the state has made an adequate showing of necessity.
 
 See Maryland v. Craig,
 
 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990).
 

 The trial judge originally found, based upon expert testimony, that the victim would be likely to suffer serious emotional distress if forced to give testimony in open court and that the victim could not reasonably communicate her testimony to the court 12or jury without using closed-circuit television, as required by Louisiana Revised Statutes 15:283. The trial judge granted the motion for new trial on his observation that the child victim testified
 
 outside the courtroom
 
 and away from the presence of her mother, the defendant, without serious emotional distress. The purpose of the law is to allow witnesses to testify without suffering serious emotional distress. The fact that the law worked as intended does not provide a defendant with evidence that “an injustice has been done.” The defendant was able to confront the child victim through cross-examination via closed-circuit television, as allowed by Louisiana law and both the Louisiana and Federal Constitutions. The trial judge abused his discretion in granting the defendant’s motion for new trial.
 

 REVERSED.
 

 *
 

 Chief Justice Kimball not participating in this opinion.