JOHNSON, C.J.,
would grant the writ application, and assigns reasons.
bin my view, the defendant, David Brown, is entitled to a new penalty phase trial because he was denied an opportunity to present compelling mitigating evidence that he did not have specific intent to kill. The state concedes that it withheld the statement of inmate Richard Domingue, which supports defendant Brown’s defense theory that he was less culpable in the killing of the correctional officer, Captain David Knapps.
Defendant is one of five inmates (“The Angola Five”) who attempted to escape from The Angola State penitentiary; Captain Knapps was killed during the inmates’ escape attempt. After defendant was convicted and sentenced to death, he learned that the state was in possession of a statement from another inmate, Domingue, who was not involved in the escape attempt. Domingue had been housed in the same tier at Angola as Barry Edge, one of The Angola Five inmates. According to Do-mingue, Edge confided to him that he and Jeff Clark hatched the plan to kill Captain Knapps. As Domingue related Edge’s plan, the other three defendants (including David Brown), were neither aware of the plan to kill Captain Knapps nor were they directly involved:
[W]e could have let him live. But me and Jeff [Clark] made the decision at that time because all these other[s] ... *1269 that was involved they couldn’t seem to get their head tighter when they were, you know, everything went down. [Edge] said me [Edge] and Jeff decided 12we’re going to kill him. I mean it was just like shhh. It was like [Edge] flipped a switch and they killed him.
(Domingue Trans., p. 13) (Exh. A to Defendant Motion for New Trial).
The statement inculpates Brown’s co-defendants Barry Edge and Jeff Clark as the individuals who made the decision to kill Captain Knapps. Domingue’s statement could have been used by the defendant to persuade the jury that since he was not directly involved in the decision to kill Knapps, he should be sentenced to life imprisonment rather than given the death penalty.
Given the severity of capital cases, the jury must not be precluded from considering, “as a mitigating factor, any aspect of a defendant’s character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.” Lockett v. Ohio, 438 U.S. 586, 605, 98 S.Ct. 2954, 2965, 57 L.Ed.2d 973 (1978). Thus, Domingue’s statement is material to the jury’s task of determining an appropriate penalty. See, e.g. Banks v. Dretke, 540 U.S. 668, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004).
The district court explained that, in granting the new trial, the defendant was essentially deprived of the defense of showing a lesser “moral culpability” for the murder, a defense which “remains one of the significant issues in capital sentencing.” State v. Louviere, 200-2085, p. 18 (La.9/4/02), 833 So.2d 885, 899 n. 15, citing Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). Furthermore, the appellate court failed to consider that the “[t]he decision on a motion for a new trial rests within the sound discretion of the trial judge and that ruling should not be disturbed on appeal, absent a clear showing of an abuse of discretion. State v. Cox, 2010-2072 (La.11/19/10), 48 So.3d 275 (per curiam).”
This court in State v. Bright, 2002-2793, pp. 5-6 (La.5/25/04), 875 So.2d 37, 41-42 explained that the constitutional standards described in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), must apply to the guilt phase of a trial and must be strictly applied to the penalty phase trial as well.
... [T]he reviewing court does not put the withheld evidence to an outcome-determiriative test in which it weighs the probabilities that the petitioner would have obtained an acquittal at trial or might do so at a second trial. Instead, a Brady violation occurs when the “evi-dentiary suppression ‘undermines confidence in the outcome of the trial.’ ”
Bright, 2002-2793, p. 6 (La.5/25/04), 875 So.2d 37, 42, quoting Kyles v. Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), quoting United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).
My confidence in the outcome of this penalty phase trial has been undermined. Thus, I find the district court was correct in granting the new penalty phase trial.